IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.

DURA LINE CORPORATION and
DURA-LINE HOLDINGS, INC.,

    Defendant.

Docket No. 3:09-CV-573

Phillips/Shirley

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Hartford Fire Insurance Company (hereinafter The Hartford), pursuant to Tennessee Code Annotated § 29-14-101, et seq., and for cause of action against Defendant, Dura-Line Holdings, Inc., states:

1. Plaintiff, The Hartford, is a Connecticut corporation authorized to issue insurance in the State of Tennessee. Plaintiff underwrites, *inter alia*, commercial insurance coverage.

2. Defendant, Dura-Line Holdings, Inc., is a Delaware corporation with a principal place of business at 835 Innovation Drive, Knoxville, Knox County, Tennessee 37932. Dura-Line Holdings may be served through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. Defendant, Dura-Line Corporation, is a Delaware Corporation with a principal place of business at Parkside Plaza 1, S300, 11400 Parkside Drive, Knoxville, Knox County, Tennessee, 37934. Dura-Line Corporation may be served through its

registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

4. Defendant, Dura-Line Holdings, Inc., was the policyholder under a policy of insurance issued by The Hartford to Dura-Line Holdings, Inc., policy number 10 UEN UV4994, policy period June 25, 2003 to June 25, 2004, renewed thereafter until March 21, 2007. The policy is a Tennessee policy of insurance.

5. Jurisdiction and venue, with respect to this action, are proper with this Court.

6. Plaintiff issued the referenced policy to Dura-Line Holdings, Inc.. A certified copy of the policy of insurance issued by Plaintiff to Dura-Line Holdings, Inc. will be filed in this Court by separate pleading. The declarations, terms and conditions applicable to the policy are set out therein.

7. Pending in the General Court of Justice, Superior Court Division, State of North Carolina, County of Clay is litigation styled Balsamwest Fibernet, L.L.C., Plaintiff v. Southern Pipeline Utility, Inc., Defendant/Third-Party Plaintiff v. The Dura-Line Corporation, a Delaware Corporation, third-party Defendant. A copy of the third-party Complaint is attached hereto as Exhibit A. Southern Pipeline seeks in excess of $75,000 from Dura-Line Corporation.

8. The insurance policy issued by The Hartford to Dura-Line Holdings, Inc. does not insure the claims or damages asserted against Dura-Line Corporation in the referenced North Carolina litigation.

9. In the referenced North Carolina litigation, Southern Pipeline Utility, Inc. alleges that Dura-Line Corporation was the manufacturer of Innerduct (the product). It is alleged that the product was defective.

10. Southern Pipeline, the third-party Plaintiff in the North Carolina litigation, alleges that Dura-Line Corporation was liable to it due to an oral contract, implied warranty of merchantability, and implied warranty of fitness for a known particular purpose related to the allegedly defective product manufactured by Dura-Line Corporation.

11. Southern Pipeline seeks from Dura-Line Corporation various damages as reflected in the third-party Complaint.

12. Pursuant to the policy declarations, terms, conditions, and exclusions in The Hartford policy issued to Dura-Line Holdings, Inc., there is no coverage for the claims or damages asserted by Southern Pipeline Utility, Inc. against Dura-Line Corporation.

13. Plaintiff, The Hartford, alleges that it is entitled to a declaration that there is no coverage provided to Defendants, Dura-Line Holdings, Inc. or Dura-Line Corporation, under the declarations, terms, conditions, and exclusions of the insurance policy for the claims asserted against Dura-Line Corporation in the referenced North Carolina litigation.

14. The Hartford provided payment of attorney's fees, expenses and costs under reservation of rights to Dura-Line Corporation in an amount in excess of $75,000. Such attorney's fees, costs and expenses were not owed under the policy by The Hartford. The Hartford is entitled to reimbursement of the amounts it paid.

WHEREFORE, Plaintiff, The Hartford Fire Insurance Company, prays:

1. That proper process issue requiring Defendants to appear and answer the Declaratory Complaint herein.

2. That a judgment be entered declaring that there is no coverage under the insurance policy issued by The Hartford pursuant to the declarations, terms, conditions, and exclusions of said policy and declaring that Defendants are entitled to no coverage, defense or indemnity pursuant to the referenced policy for the claims asserted against Dura-Line Corporation in the referenced litigation.

3. That a judgment be entered declaring that Defendants are entitled to no proceeds under the referenced insurance policy.

4. That Plaintiff be awarded reimbursement of attorney's fees, expenses and costs heretofore paid by Plaintiff on behalf of Defendant, Dura-Line Corporation, as well as interest and any other general or equitable relief which may be applicable as to same..

5. That Plaintiff be awarded such further other general or equitable relief and damages which the Court may find appropriate under the circumstance herein

Respectfully submitted,

**SPICER RUDSTROM PLLC**

___/s/ Marc O. Dedman___
Marc O. Dedman, Esq. BPR# 14044
Bank of America Tower
414 Union Street, Suite 1700
Nashville, Tennessee 37219-1823
(615) 259-9080 telephone
(615) 259-1522 facsimile